UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN L. BAILEY,

    Petitioner,

v.

ADAM DOUGLAS,

    Respondent.
_____/

Case No. 23-cv-10077

U.S. District Court Judge
Gershwin A. Drain

## OPINION AND ORDER DENYING WITHOUT PREJUDICE THE MOTION FOR AN EXTENSION OF TIME TO FILE A PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1) AND DISMISSING THE MATTER WITHOUT PREJUDICE

Petitioner Ryan L. Bailey ("Petitioner") is currently confined at the Saginaw Correctional Facility in Freeland, Michigan. On January 11, 2023, the Court received his *pro se* motion for an extension of time to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner does not indicate the crime of which he was convicted, but the Michigan Department of Corrections' Offender Tracking Information System (OTIS), of which this Court is permitted to take judicial notice, *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that Petitioner was convicted in the Grand Traverse County

1

Circuit Court of four counts of first-degree criminal sexual conduct. Petitioner's state appeals ended when the Michigan Supreme Court denied his application for leave to appeal following a remand of the case to the Michigan Court of Appeals. *People v. Bailey,* 509 Mich. 932, 971 N.W.2d 649, *reconsideration denied,* 509 Mich. 991, 974 N.W.2d 207 (2022). [1]

As stated, Petitioner filed a motion for an extension of time to file an actual habeas petition. ECF No. 1. He asserts that he needs the extension because he suffers from several medical problems that inhibit him from filing a habeas petition at this time. *Id.* at PageID.1.

A habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations can file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber,* 544 U.S. 269, 278 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause

---

[1] The Court may take judicial notice of the proceedings in other courts that are available via online reporters such as Westlaw. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014).

for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 277.

However, Petitioner is not entitled to a stay of proceedings. First, Petitioner has not filed an actual petition for writ of habeas corpus, thus, there is no petition to hold in abeyance. *See Plitt v. On Habeas Corpus,* 1:07-CV-00341, 2007 WL 1412048, * 1 (E.D. Cal. May 11, 2007). Petitioner does not specify which conviction, if any, that he is challenging or state what issues that he wishes to raise in the state courts. Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts sets forth several requirements for a petition under that statute. Among the requirements is that a habeas petition must specify all the grounds for relief available to the petitioner and state the facts supporting each ground.

Petitioner's motion cannot serve as the equivalent to a petition for writ of habeas corpus, particularly because Petitioner failed to specify the conviction(s) he is challenging and the grounds for relief. *See e.g.*, *Socha v. Boughton,* 763 F.3d 674, 683 (7th Cir. 2014) (holding that petitioner's request for an extension of time for filing could not serve as the actual petition for a writ of habeas corpus where it focused exclusively on the need for more time and did not specify any grounds justifying relief); *Warren v. Harrison,* 244 F. App'x. 831, 832 (9th Cir. 2007) (affirming district court's finding that neither petitioner's motions for extension of

3

time nor appointment of counsel constituted a petition for writ of habeas corpus); *Jones v. Skipper*, No. 19-2413, 2020 WL 7212383, at *2 (6th Cir. July 17, 2020) (declining to construe letter as a petition for habeas corpus because it failed to specify any grounds for relief).

Second, assuming this Court could construe the motion as a motion to hold the petition in abeyance, Petitioner has failed to show that he needs to have his case stayed so as to avoid a statute of limitations problem at this time. Title 28 U.S.C. § 2244(d)(1) provides a one-year statute of limitations for filing habeas corpus actions. Under § 2244(d)(1)(A), the limitations period begins running on the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review. Where, as here, a state prisoner sought direct review of his conviction in the state's highest court but did not file a petition for certiorari with the U.S. Supreme Court, the limitations period begins running on the date the 90-day period for seeking certiorari with the U.S. Supreme Court expired. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Here, the Michigan Supreme Court denied petitioner's motion for reconsideration on May 31, 2022. *People v. Bailey*, 509 Mich. at 991. Petitioner's judgment therefore became final on August 29, 2022, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court.

Petitioner signed and dated his motion on December 27, 2022, after a little over four months had elapsed on the one-year statute of limitations.[2]  At this point, Petitioner still has seven months to timely file a petition for a writ of habeas corpus. Because petitioner has seven months remaining under the limitations period, a stay of the proceedings is not necessary, or appropriate, at this time to preserve the federal forum for petitioner's claims.  *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 846 (E.D. Mich. 2001) (declining motion to stay because "there is a substantial portion of the one-year statute of limitations that remains unexpired that will allow petitioner to return").

As such, the Court will deny the motion for an extension of time to file a habeas petition and dismiss the case without prejudice.  The dismissal is without prejudice to petitioner in the future filing a protective habeas petition and requesting an extension of time to file an amended habeas petition after the initial filing to supplement the initial petition.  *See, e.g.*, *Garner v. Warden*, No. 2:22-CV-12468, 2022 WL 16827582, at *1 (E.D. Mich. Oct. 20, 2022) ("A federal district court has the power to grant an extension of time to a habeas petitioner to file an amended habeas petition." (citing *Hill v. Mitchell*, 30 F. Supp. 2d 997, 998 (S.D. Ohio. 1998)).

---

[2] Under the prison mailbox rule, this Court considers Petitioner's motion filed on December 27, 2022, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999) (citing *Houston v. Lack,* 487 U.S. 266, 270-72 (1988)).

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that Petitioner's "Request for an Extension of Federal Habeas Corpus 2254" (ECF No. 1) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED WITHOUT PREJUDICE** to Petitioner filing a petition for writ of habeas corpus and any additional motions with the United States District Court for the Eastern District of Michigan.

**IT IS SO ORDERED**.

/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: February 8, 2023

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 8, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager